**CHEN YU JIANG, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General Michael B. Mukasey,[1] Respondents.**

No. 06–5389–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

Khagendra Gharti–Chhetry, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Richard Zanfardino, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Chen Yu Jiang, a native and citizen of the People's Republic of China, seeks review of an October 25, 2006, order of the BIA affirming the July 21, 2004, decision of Immigration Judge ("IJ") Noel Ferris denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Chen Yu Jiang*, No. A78 299 035 (B.I.A. Oct. 25, 2006), *aff'g* No. A78 299 035 (Immig. Ct. N.Y. City Jul. 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent.

Where, as here, the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we have considered both the IJ's and the BIA's opinions for the sake of completeness. *See Jigme Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

■ As an initial matter, the fact that Jiang's traditional spouse was forced to undergo an abortion would not, in and of itself, entitle him to asylum under our case law. *See Shi Liang Lin*, 494 F.3d at 309.

■ Jiang also advances the claim that the fine imposed on him, the confiscation of his valuables, and the threat of arrest, viewed cumulatively, constituted persecution and economic deprivation rising to the level of persecution. Although the Government contends that Jiang has failed to exhaust some of these issues before the BIA, we disagree. Jiang filed his appeal to the BIA *pro se.* Construing the arguments therein liberally, *see Weixel v. Bd. of Educ.*, 287 F.3d 138, 145–46 (2d Cir. 2002), we find that his discussion was sufficiently specific to preserve his "economic deprivation" argument.

Nevertheless, we find no error in the BIA's conclusion that these harms did not rise to the level of persecution. We have said that to constitute persecution, a harm must reflect more than "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). While Jiang is correct to note that economic deprivation can in some circumstances qualify as persecution, *see Mirzoyan v. Gonzales*, 457 F.3d 217 (2d Cir.2006) (per curiam), he has not shown that the fine and confiscation here resulted in a hardship so severe as to be a "deliberate imposition of substantial economic disadvantage" or otherwise amount to persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002). *See also, In re T–Z–*, 24 I. & N. Dec. 163 (BIA May 9, 2007). Jiang also asserted that the cadres threatened to have him arrested. But an unfulfilled threat of arrest is not necessarily an act of persecution, *see id.*, and we do not see evidence in the record that the threat in this case resulted in any significant hardship.

Finally, because Jiang was unable to demonstrate the objective likelihood of persecution required of an asylum claim, we conclude he was unable to meet the higher standard required of a claim seeking withholding of removal and relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.